Mr. Justice Moore
delivered the opinion of the Court.
We will refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.
Eli Rajacich died December 22, 1954, at which time he owned an undivided one-half interest in residence prop *423 erty in Cortez, Colorado. The other one-half interest was owned by plaintiff. They had been the owners as tenants in common since March 26, 1953.
February 3, 1955, one C. M. Rauh was appointed administrator to collect in the estate of Eli. October 11, 1958, Kenneth D. Rees, the defendant, was appointed Administrator De Bonis Non with Will annexed in said estate. September 25, 1959, plaintiff filed her complaint in which it was alleged that she “was and is entitled to an accounting from the Estate of Eli Rajacich for one-half of the rentals of said residence.” At the time the complaint was filed the time for filing claims against the estate had long since expired.
It is the theory of plaintiff that Mr. Rauh, the administrator to collect, should have collected rent for the use and occupancy of the Cortez residence covering two separate periods of time during which no rent was accounted for to plaintiff as the owner of an undivided one-half interest in the property. The first period is that time between March 26, 1953, when plaintiff became the owner of her undivided half interest, and December 22, 1954, the date on which Eli died. The second period of time begins December 22, 1954, and extends to July 1, 1955, during which time plaintiff contends that said residence was occupied by one Robert Blowers and certain other persons who were beneficiaries named in the will of Eli.
It is admitted that all moneys actually collected by the fiduciary who had charge of the estate prior to the appointment of Rees, have been properly accounted for. It is further admitted that all funds actually received by defendant have been properly accounted for.
It is the contention of plaintiff that: “ * * * as a matter of law, the defendant, Kenneth D. Rees, as Administrator de Bonis Non with Will annexed was and is obligated * * * to take possession of, sue for, recover and preserve the real estate coming to his attention or knowledge, including one-half interest as tenant in com *424 mon of Eli Rajacich, and to account to the tenant in common, Angelina Dallabetta, for the one-half interest held by the Estate and any rents or profits collected by or on behalf of the said estate in the course of the administration.”
The trial court entered findings and judgment as follows: “DOTH FIND that this is an action in the nature of accounting for moneys of plaintiff had and received by the defendants; that an accounting has been made by defendants and accepted by plaintiff, that plaintiff has failed to prove that defendants received any money or property of plaintiff for which full and complete accounting has not been made to plaintiff by defendants; that plaintiff has not sustained the allegations of his complaint and defendants should have Judgment of Dismissal and plaintiff go hence without relief on his complaint.
“THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants’ motion for Judgment of Dismissal be, and the same hereby is sustained, and plaintiff’s complaint be, and the same hereby is, dismissed with prejudice, defendants to have and recover from plaintiff their costs herein expended.”
Plaintiff might have had a claim against the estate based on the failure of Eli to compensate her for the use of the premises in which she was a co-tenant. There are well established rules of law applicable to the subject of the liability of one tenant in common to his co-tenants for the use and occupancy of real estate so owned. (See note appearing in 51 A.L.R. 2nd 388.) However, no such issue is involved in this case.
Even assuming that Rauh, the fiduciary first appointed, or the defendant Rees, had been employed by plaintiff, or had in some manner accepted legal responsibility for collection of rentals due plaintiff, the right of plaintiff to recover from either would depend upon the contractual relationship between them as individuals and would not involve the estate in any manner, nor *425 would either of said fiduciaries be involved in their capacities as representatives of the estate.
The judgment is affirmed.